**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4104**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VICTOR ANDERSON, a/k/a Vito,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  W. Craig Broadwater, District Judge.  (2:05-cr-00007-WCB-DJ)

_____

Submitted:  September 20, 2006      Decided:  October 13, 2006

_____

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Harry A. Smith, III, JORY & SMITH, L.C., Elkins, West Virginia, for Appellant.  Rita R. Valdrini, Acting United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Victor Anderson pled guilty, pursuant to a plea agreement, to one count of aiding and abetting the distribution of .092 grams of cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C)(2000). The district court sentenced Anderson to 160 months' imprisonment. We affirm.

On appeal, Anderson argues the district court erred in failing to impose a variance sentence pursuant to 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006). Anderson contends that his career offender designation over-represents his criminal history, and that his sentence is longer than necessary to comply with the factors set forth in 18 U.S.C.A. § 3553(a). However, Anderson's sentence was within the guideline range of 151-188 months and below the statutory maximum, pursuant to 21 U.S.C. § 841(b)(1)(C). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable. See United States v. Green, 436 F.3d 449 (4th Cir.) (holding that a sentence within the properly calculated guidelines range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006).

Accordingly, we affirm Anderson's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED